# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| HANNAH BINKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:20-cv-4164-DCN-MGB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| US TECH SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Mary Baker Gordon's report and recommendation, ("R&R"), ECF No. 35, that the court deny defendant US Tech Solutions' ("US Tech") motion to dismiss, ECF No. 24. For the reasons set forth below, the court adopts the R&R and denies the motion to dismiss.

## I. BACKGROUND

This employment discrimination case arises out of US Tech's termination of plaintiff Hannah Binks ("Binks"), who alleges that she was fired due to her gender identity as a transgender woman. US Tech, a corporation based in New Jersey, hired Binks in August 2019 and shortly thereafter assigned her to fill a position with the Boeing Company ("Boeing") in Charleston, South Carolina. According to the complaint, when Binks reported to work at Boeing on August 12, 2019, a Boeing manager named Josh Blank ("Blank") told Binks that he "was expecting a woman." ECF No. 1, Compl. ¶ 11. For reasons not included in the complaint, Binks then requested two days off and traveled to Maryland. Binks alleges that when she returned to work sometime around August 20, 2019, she was "called into an office [and] told to leave." Id. ¶ 15 According to Binks, Blank stated that "Boeing did not want [Binks's] kind in Charleston." Id. ¶ 16.

1

Binks further alleges that she "was [ ] escorted out in front of [her] co-workers and peers." Id. ¶ 18. On August 21, 2019, Blank sent Binks an e-mail stating, "Boeing doesn't want your kind in Charleston." ECF No. 34-1.[1] When Binks contacted US Tech, she alleges, US Tech "immediately terminated" her employment. Compl. ¶ 20. Binks filed a grievance with the Equal Employment Opportunity Commission ("EEOC"), which thereafter issued Binks a right to sue letter. ECF No. 24-1.

On March 17, 2020, Binks, proceeding pro se, filed this action against US Tech alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the New Jersey Law Against Discrimination, N.J. Stat. § 10:5-12(a) ("NJLAD"). Compl. On January 14, 2021, US Tech filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. ECF No. 24. On March 26, 2021, Binks filed a response in opposition. ECF No. 34. On April 8, 2021, Magistrate Judge Baker issued an R&R recommending that the court deny the motion to dismiss. ECF No. 35. On April 22, 2021, US Tech filed objections to the R&R. ECF No. 37. Binks did not file a reply to the objections, and the time to do so has now expired. Thus, this matter has been fully briefed and is ripe for the court's review.

---

[1] The R&R found that the court may take judicial notice of Blank's email because "[i]t is integral to and explicitly relied on in the Complaint and [US Tech] has not challenged its authenticity." ECF No. 35 at 3 n.3 (citing Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). US Tech did not object to the R&R's consideration of the email, and the court agrees that it may consider the email.

2

## II. STANDARD

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270–71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accidents Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 295 (1948).

### B. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### C. Pro Se Litigants

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

The R&R recommends denying US Tech's motion to dismiss. US Tech objects to the R&R in three respects. First, it argues that Binks has failed to exhaust her administrative remedies because her Title VII claim exceeds the scope of her EEOC

4

charge.² Second, US Tech argues that Binks fails to state a valid discriminatory termination claim under Title VII. And third, US Tech argues that Binks's claims under NJLAD must be dismissed because NJLAD does not have extraterritorial jurisdiction in South Carolina.

### A. Objection One: Exhaustion

Title VII prohibits an employer from discharging or otherwise discriminating against an individual on the basis of his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). This decree necessarily prohibits discrimination motivated by gender identity "because it is impossible to discriminate against a person for being . . . transgender without discriminating against that individual based on sex." Bostock v. Clayton Cty., Georgia, 140 S. Ct. 1731, 1741 (2020). Before filing a Title VII suit, however, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. Miles v. Dell, 429 F.3d 480, 491 (4th Cir. 2005). "Consequently, the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (quoting Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988)).

---

² US Tech contends that the court should consider its exhaustion argument as a ground for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. ECF No. 24-1 at 3. The Supreme Court recently clarified, however, that Title VII's exhaustion requirement is non-jurisdictional. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1852 (2019) ("In sum, a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill."). Therefore, the court considers US Tech's motion as requesting dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Because "lawyers do not typically complete [EEOC] charges," district courts are commanded to "construe them liberally." Id. Accordingly, "an [EEOC] charge of discrimination does not strictly limit a Title VII suit which may follow . . . ." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002) (quoting Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)). Instead, the law authorizes a Title VII plaintiff to assert in federal court those discrimination claims stated in her EEOC charge, those "reasonably related" to her EEOC charge, and those that might "be expected to follow from a reasonable administrative investigation into her EEOC charge." Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 594 (4th Cir. 2012). This doctrine "strike[s] a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." Id. The law makes clear that the touchstone of the inquiry is whether the EEOC charge placed the employer on notice of the suit that might follow. Id.; see Chacko, 429 F.3d at 510 ("Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation.").

US Tech moved to dismiss Binks's Title VII claim on the grounds that it exceeded the scope of her EEOC charge. The R&R recommends rejecting this ground for dismissal, finding that the similarities between Binks's EEOC charge and her claim in the instant action "put [US] Tech [ ] on notice that it is accused of discriminating against [Binks] by terminating her employment based on her sex." ECF No. 35 at 8. In its objections, US Tech argues that Binks's EEOC charge is not reasonably related to her discrimination claim because her charge alleged discriminatory conduct that occurred on

6

September 12, 2019 and her complaint alleges discriminatory conduct that took place on or near "August 26," 2019. ECF No. 37 at 4.[3]

The court finds that this brief temporal discrepancy—in the ballpark of 17 days—does not render Binks's EEOC charge and her discrimination claim unrelated. The R&R similarly disagreed with US Tech's premise, finding: "While the dates specified in the Complaint precede the dates specified in the EEOC charge by one month, there are sufficient similarities between Binks's administrative and judicial claims such that they are 'reasonably related.'" ECF No. 34 at 7 (citing High v. R & R Transportation, Inc., 242 F. Supp. 3d 433, 441 (M.D.N.C. 2017) and Clanton v. City of Virginia Beach, 2015 WL 1538198, at *7 (E.D. Va. Apr. 3, 2015)). Indeed, Binks's administrative charge and her judicial claim possess substantial and meaningful similarities, notwithstanding the slight difference in their dates. They involve the same actor, US Tech, and the same alleged discriminatory act, the firing of Binks based on her status as a transgender woman. The court has little difficulty concluding that the charge and the claim are "reasonably related." Sydnor, 681 F.3d at 595 ("The touchstone for exhaustion is whether the plaintiff's administrative and judicial claims are reasonably related, not precisely the same, and there are sufficient similarities between the two . . . .").

---

[3] US Tech also states in its objections, without explanation, that Binks's EEOC charge and her claim involve allegations against "different actors." ECF No. 37 at 3. The R&R found that Binks's "administrative and judicial claims here focus on the same type of discrimination and involve the same actor, [US] Tech." ECF No. 34 at 7. Binks's complaint expressly alleges that US Tech "discriminated against [Binks] [by] terminating her employment . . . ." Compl. at 1. Binks's EEOC charge, likewise, names US Tech as the relevant actor. ECF No. 24-1 at 2. Thus, the court agrees with the R&R.

7

Relatedly, as the Fourth Circuit made clear in Sydnor, the court's primary concern is whether the charge sufficiently puts the employer on notice of the conduct alleged against it. Clearly, an EEOC charge that alleges discriminatory conduct puts an employer on notice of a subsequent judicial claim based on the same conduct by the same actor. The fact that the dates specified in the complaint precede the dates alleged in the charge by 17 days does not absolve the employer of notice. Id. ("[T]he similarities between [the plaintiff]'s administrative and judicial narratives make clear that the [defendant] was afforded ample notice of the allegations against it."). In other words, Binks's EEOC charge easily satisfies the purpose of the Fourth Circuit's exhaustion requirement. Chacko, 429 F.3d at 510 ("Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation."). Therefore, the court finds that Binks has exhausted her administrative remedies and overrules US Tech's first objection.

**B. Objection Two: Title VII Claim**

As the court discussed above, under Title VII an employer cannot "discriminate against any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment because of such individual's" color, religion, sex, national origin, 42 U.S.C. § 2000e-2(a)(1), or, by extension, gender identity, Bostock, 140 U.S. at 1753. "In the context of a Title VII case, an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss." Bing v. Brivo Sys., LLC, 959 F.3d 605, 616 (4th Cir. 2020), cert. denied, 141 S. Ct. 1376 (2021).[4] Instead, she is merely "required to allege facts to satisfy the elements of a cause

---

[4] A Title VII plaintiff establishes a prima facie case of discrimination by demonstrating: (1) membership in a protected class; (2) a satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated

of action created by that statute." Id. (quoting McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015)). Because § 2000e-2(a)(1) prohibits an employer from discharging an individual based on that person's gender identity, the court's inquiry here is whether Binks alleges facts that plausibly state a violation of Title VII "above a speculative level." Id. (quoting Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)).

In its objection to the R&R, US Tech contends that this action must be dismissed because Binks fails "to plead facts sufficient to state a prima facie discriminatory discharge claim under Title VII." ECF No. 37 at 5–6. For example, US Tech continues, Binks "did not identify any protected class []or allege [that she] was performing her duties at a level that met US Tech's expectations." Id. at 5. US Tech misunderstands the law, which holds that "an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss." Bing, 959 F.3d at 616. In other words, to survive a motion to dismiss, Binks does not need to allege facts that satisfy each and every element of a prima facie Title VII discrimination claim.[5] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002). Instead, she "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Miller v. Carolinas Healthcare Sys., 561 F. App'x 239, 241 (4th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Like the R&R, the court finds that Binks

---

employees outside the protected class. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

[5] Moreover, Binks clearly identified herself as a member of a protected class. Bink alleges that she was discharged "because she is transgender." Compl. at 1. Transgender persons are afforded protected-class status under Title VII. Bostock, 140 S. Ct. at 1741.

has done just that.  The complaint, while "not artfully pled," ECF No. 34 at 9, contains allegations clearly indicating that US Tech discharged Binks based on her status as a transgender woman.  Specifically, Binks alleged that Boeing fired her "because she is transgender" and that US Tech terminated her directly thereafter, in a way she categorizes as "discriminatory."  Compl. at 1.  The complaint continues, "US Tech [ ] discriminated against [Binks] buy [sic] terminating her employment after 6 days after [sic] [US Tech] was informed that . . . Boeing . . . no longer wanted Binks on site at Boeing . . . because she is transgender."  Id.  Binks has also presented an email from a Boeing manager in which the manager states, "Boeing doesn't want your kind in Charleston."  ECF No. 34-1.  The obvious import of the allegations is that US Tech fired Binks because of her gender identity.  At this stage, Binks need not allege anything more.

Moreover, the court agrees with the R&R that "it would be premature to dismiss [Binks]'s Title VII claim at this early stage of litigation without first allowing the parties an opportunity to engage in discovery."  ECF No. 34 at 10; see Swierkiewicz, 534 U.S. at 514 ("[Title VII] claims lacking merit may be dealt with through summary judgment under Rule 56.").  Further still, the court should air on the side of caution when dismissing a civil rights complaint, Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002), especially when authored by a pro se plaintiff, Hughes, 449 U.S. at 9–10.  Discovery in this case will allow the parties to develop a more comprehensive picture of the circumstances surrounding Binks's termination.  Therefore, the court finds that Binks's Title VII claim, as pled, survives US Tech's motion to dismiss.

### C. Objection Three: NJLAD

Finally, US Tech contends that "NJLAD does not have extraterritorial reach for acts occurring outside the state of New Jersey." ECF No. 37 at 6. US Tech is correct that the NJLAD applies to conduct that "was expected or intended to cause injury in New Jersey." Bowers v. Nat'l Collegiate Athletic Ass'n, 151 F. Supp. 2d 526, 532 (D.N.J. 2001) (quoting Blakey v. Continental Airlines, Inc., 751 A.2d 538 (N.J. 2000)). The court must overrule US Tech's objection, however, because it is unclear where the alleged discriminatory conduct occurred. The complaint alleges that US Tech employed Binks in New Jersey. Compl. ¶ 3. Although the complaint clearly alleges that Binks was "told to leave" by Boeing in South Carolina, id. at ¶ 15, it does not allege where she was discharged by US Tech. Because Binks alleges that she worked for Boeing in South Carolina but was employed by US Tech in New Jersey, it is unclear where the harm occurred. Accordingly, construing Binks's complaint liberally, the court agrees with the R&R that dismissal of the claim is inappropriate.[6]

---

[6] The court reiterates the R&R's directive to Binks: "Should [Binks] believe that [US Tech]'s alleged unlawful discrimination primarily occurred in South Carolina, rather than New Jersey, [Binks] should move to amend her complaint to replace her NJLAD claim with a claim under the South Carolina Human Affairs Law [S.C. Code Ann. § 1-13-10, et seq.]." ECF No. 35 at 12.

## IV. CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **DENIES** the motion to dismiss.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 30, 2021
Charleston, South Carolina**